ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

SHAUN M. PETTIGREW (CA State Bar No. 254564)
Senior Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(202) 532-5973
shaun.pettigrew@usdoj.gov

MICHAEL R. EITEL (NE Bar No. 22889)
Senior Trial Attorney
Wildlife & Marine Resources Section
999 18th Street, North Terrace Suite 600
Denver, CO 80207
(303) 844-1479
michael.eitel@usdoj.gov

*Counsel for Federal Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SAVE THE SOUTH FORK SALMON; IDAHO CONSERVATION LEAGUE; IDAHO RIVERS UNITED; EARTHWORKS; CENTER FOR BIOLOGICAL DIVERSITY; and AMERICAN RIVERS, | ) | Case No. 1:25-CV-00086-AKB |
| Plaintiffs, | ) | ANSWER |
| v. | ) | |
| U.S. FOREST SERVICE; U.S. FISH AND WILDLIFE SERVICE; NATIONAL MARINE FISHERIES SERVICE; U.S. DEPARTMENT OF AGRICULTURE; U.S. DEPARTMENT OF THE INTERIOR; U.S. DEPARTMENT OF COMMERCE; BROOKE ROLLINS, in her official capacity | ) | |

as U.S. Secretary of Agriculture; DOUG BURGUM, in his official capacity as U.S. Secretary of the Interior; and HOWARD LUTNICK, in his official capacity as U.S. Secretary of Commerce, )

Federal Defendants, )

and )

PERPETUA RESOURCES IDAHO, INC. )

Defendant-Intervenor )

Federal Defendants hereby respond to the allegations in Plaintiffs' First Amended Complaint (ECF No. 26) in the above-captioned action. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the First Amended Complaint.

## **"INTRODUCTION"[1]**

1. The allegations in this paragraph contain Plaintiffs' characterization of the case to which no response is required.

2. Federal Defendants admit the allegations in the first two sentences of this paragraph. The allegations in the third sentence of this paragraph are vague and ambiguous and therefore Federal Defendant denies them because it lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

3. The allegations in the first clause of this paragraph purport to characterize assertions by Defendant-Intervenor, which speak for themselves and are the best evidence of

[1] The headings here correspond to the headings in the First Amended Complaint. Federal Defendants include them strictly to provide convenient reference to the First Amended Complaint and do not intend them to form any substantive part of the Federal Defendants' Answer. To the extent the First Amended Complaint headings make substantive allegations, Federal Defendants deny those allegations.

their content. The remaining allegations in this paragraph purport to characterize the Final Environmental Impact Statement (FEIS), which speaks for itself and is the best evidence of its content.

4. The allegations in the first sentence of this paragraph purport to characterize the Record of Decision (ROD), which speaks for itself and is the best evidence of its content. Federal Defendants admit the allegations in the second sentence of this paragraph. Federal Defendants deny the allegations in the third sentence of paragraph 4.

5. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

6. The allegations in this paragraph purport to characterize the ROD and FEIS, which speaks for themselves and are the best evidence of their content.

7. The allegations in this paragraph purport to characterize the ROD and FEIS, which speaks for themselves and are the best evidence of their content.

8. Federal Defendants deny the allegations in this paragraph.

9. Federal Defendants deny the allegations in this paragraph.

10. Federal Defendants deny the allegations in this paragraph.

11. Federal Defendants deny the allegations in this paragraph.

12. Federal Defendants deny the allegations in this paragraph.

13. The allegations in this paragraph contain Plaintiffs' request for relief to which no response is required.

## "JURISDICTION"

14. The allegations in this paragraph constitute conclusions of law to which no response is required.

15. Federal Defendants admit the allegations that Plaintiffs sent a letter dated February 18, 2025. The remaining allegations in this paragraph characterize the letter, which speaks for itself and is the best evidence of its contents, and constitute conclusions of law to which no response is required.

16. The allegations in this paragraph constitute conclusions of law to which no response is required.

17. The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required. Federal Defendants admit the allegations in the second sentence of this paragraph. Federal Defendants admit the allegations in the third sentence of this paragraph that the Forest Service's Payette and Boise National Forests produced the FEIS and ROD. Federal Defendants deny the remaining allegations in the third sentence of this paragraph. Federal Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

18. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

19. The allegations in this paragraph constitute conclusions of law to which no response is required.

## **"PARTIES"**

20. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

21. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

22. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

23. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

24. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

25. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

26. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

27. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

28. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

29. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

30. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

31. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

32. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

33. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

34. Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

35. Federal Defendants admit the allegations in this paragraph that Plaintiffs submitted comments and objections during the public comment and objection periods. The remaining allegations in this paragraph purport to characterize those comments and objections, which speak for themselves and are the best evidence of their content. The remaining allegations also constitute conclusions of law to which no response is required.

36. Federal Defendants deny the allegations in this paragraph.

37. The allegations in this paragraph constitute conclusions of law to which no response is required.

38. Federal Defendants deny the allegations in this paragraph.

39. Federal Defendants deny the allegations in the first sentence of this paragraph that the Forest Service is a cabinet-level agency. The remaining allegations in this paragraph constitute conclusions of law to which no response is required.

40. Federal Defendants admit the allegations in the first sentence of this paragraph that Brooke Rollins is the U.S. Secretary of Agriculture. The remaining allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required. The allegations in the second sentence of this paragraph constitute Plaintiffs' characterization of their case to which no response is required.

41. Federal Defendants admit the allegations in the first sentence of this paragraph that Doug Burgum is the U.S. Secretary of the Interior. The remaining allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required. The

allegations in the second sentence of this paragraph constitute Plaintiffs' characterization of their case to which no response is required.

42. Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute conclusions of law to which no response is required.

43. Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute conclusions of law to which no response is required.

44. Federal Defendants admit the allegations in the first sentence of this paragraph that Howard Lutnick is the U.S. Secretary of Commerce. The remaining allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required. The allegations in the second sentence of this paragraph constitute Plaintiffs' characterization of their case to which no response is required.

## "FACTUAL BACKGROUND"

**"The Stibnite Gold Project"**

45. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

46. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

47. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

48. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

49. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

50. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

51. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

52. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

53. The allegations in this paragraph, including the figure, purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

54. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

55. The allegations in this paragraph, including the figure, purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

**"Defendants' Approval of the Stibnite Gold Project"**

56. Federal Defendants admit the allegations in this first sentence of this paragraph that Plaintiffs submitted comments on the August 2020 Draft Environmental Impact Statement (DEIS) and the October 2022 Supplemental DEIS. The remaining allegations in this paragraph purport to characterize those comments and "comments from others," which speak for themselves and are the best evidence of their content.

57. Federal Defendants admit the allegations in the first sentence of this paragraph. The second and third sentences purport to characterize the Biological Assessment, which speaks

for itself and is the best evidence of its content. Federal Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

58. Federal Defendants admit the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize the FEIS and draft ROD, which speak for themselves and are the best evidence of their content.

59. Federal Defendants admit the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize Plaintiffs' objections, which speak for themselves and are the best evidence of their content.

60. The allegations in this paragraph purport to characterize Plaintiffs' objections, which speak for themselves and are the best evidence of their content.

61. Federal Defendants admit the allegations in this paragraph that the Forest Service's objection reviewing officer issued written responses to objections on December 20, 2024. The remaining allegations in this paragraph purport to characterize those written responses, which speak for themselves and are the best evidence of their content.

62. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

63. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

**"The Severe and Permanent Impacts from the Stibnite Gold Project."**

64. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

65. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

66. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

67. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

**"ESA-Protected Species Adversely Affected by the Stibnite Gold Project."**

68. Federal Defendants deny the allegations in this paragraph.

69. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

70. The allegations in this paragraph purport to characterize 63 Fed. Reg. 31647 (June 10, 1998), which speaks for itself and is the best evidence of its content.

71. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

72. The allegations in this paragraph purport to characterize 57 Fed. Reg. 14653 (April 22, 1992), which speaks for itself and is the best evidence of its content.

73. The allegations in this paragraph purport to characterize NMFS's 5-year status reviews, which speak for themselves and are the best evidence of their contents.

74. The allegations in this paragraph purport to characterize 62 Fed. Reg. 43937 (Aug. 18, 1997), which speaks for itself and is the best evidence of its content.

75. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

76. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

77. The allegations in this paragraph purport to characterize 88 Fed. Reg. 83726 (Nov. 30, 2023), which speaks for itself and is the best evidence of its content.

78. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

79. The allegations in this paragraph purport to characterize 87 Fed. Reg. 76882 (Dec. 15, 2022), which speaks for itself and is the best evidence of its content.

80. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

**"Adverse Impacts of Mining, Processing, and Permanent Waste Storage at the Mine Site."**

81. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

82. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

83. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

84. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

85. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

86. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

87. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

88. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

89. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

90. The allegations in this paragraph purport to characterize the ROD and FEIS, which speak for themselves and are the best evidence of their content.

**"Immediate and Permanent Impacts from Construction and Use of the Burntlog Route."**

91. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

92. The allegations in the first sentence of this paragraph purport to characterize the rules designating critical habitat for bull trout, steelhead, and Chinook salmon, which speak for themselves and are the best evidence of their contents. The allegations in the second and third sentences of this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content. The allegations in the fifth sentence of this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

93. The allegations in the first and second clauses of this paragraph purport to characterize the ROD and the Boise and Payette Plans, which speak for themselves and are the best evidence of their content. Federal Defendants deny the allegations in the third clause of this paragraph.

94. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

95. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

96. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

97. The allegations in this paragraph purport to characterize the ROD and Fish & Wildlife Service (FWS) Biological Opinion, which speak for themselves and are the best evidence of their content.

98. The allegations in this paragraph purport to characterize comments from the U.S. Environmental Protection Agency, which speak for themselves and are the best evidence of their content.

99. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

100. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

101. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

102. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

103. The allegations in the first sentence of this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content. The allegations in the second sentence of this paragraph purport to characterize 36 C.F.R. Part 294, which speaks for itself and is the best evidence of its content.

104. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

105. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

106. The allegations in the first sentence of this paragraph purport to characterize the Burntlog Route Geophysical Investigation, which speaks for itself and is the best evidence of its content. Federal Defendants admit the allegations in the second sentence of this paragraph. Federal Defendants deny the allegations in the third sentence of this paragraph.

107. The allegations in this paragraph purport to characterize the ROD and other record documents, which speak for themselves and are the best evidence of their content.

108. Federal Defendants admi the allegations in this paragraph.

109. Federal Defendants deny the allegations in this paragraph.

## **"LEGAL BACKGROUND"**

**"Standard of Review Under the Administrative Procedure Act (APA)."**

110. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

111. The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

112. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

**"The Forest Service Organic Act of 1897."**

113. The allegations in this paragraph purport to characterize the Organic Act, which speaks for itself and is the best evidence of its content.

114. The allegations in this paragraph purport to characterize Forest Service regulations and caselaw, which speak for themselves and are the best evidence of their content.

115. The allegations in this paragraph purport to characterize Forest Service regulations, which speak for themselves and are the best evidence of their content.

**"The Federal Land Policy and Management Act of 1976 (FLPMA)."**

116. The allegations in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content.

117. The allegations in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content.

118. The allegations in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content.

119. The allegations in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content.

120. The allegations in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content.

121. The allegations in this paragraph purport to characterize Forest Service regulations, which speak for themselves and are the best evidence of their content.

122. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize Forest Service regulations, which speak for themselves and are the best evidence of their content.

123. The allegations in this paragraph purport to characterize Forest Service regulations, which speak for themselves and are the best evidence of their content.

**"The National Forest Management Act (NFMA)."**

124. The allegations in this paragraph purport to characterize NFMA, which speaks for itself and is the best evidence of its content.

125. The allegations in this paragraph purport to characterize NFMA and caselaw, which speaks for themselves and are the best evidence of their content.

126. The allegations in this paragraph purport to characterize the Forest Plans for the Payette and Boise national Forests, which speak for themselves and are the best evidence of their content.

**"The National Environmental Policy Act (NEPA)."**

127. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

128. The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its content.

129. The allegations in this paragraph purport to characterize the Forest Service's NEPA regulations, which speak for themselves and are the best evidence of their content.

130. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

131. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

132. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

133. The allegations in this paragraph purport to characterize NEPA, the Forest Service's NEPA regulations, and caselaw, which speak for themselves and are the best evidence of their content.

**"The Endangered Species Act."**

134. The allegations in this paragraph purport to characterize the ESA and caselaw, which speak for themselves and are the best evidence of their content.

135. The allegations in this paragraph purport to characterize the ESA, regulations, and caselaw, which speak for themselves and are the best evidence of their content.

136. The allegations in this paragraph purport to characterize the ESA and regulations, which speak for themselves and are the best evidence of their content.

137. The allegations in this paragraph purport to characterize the ESA and regulations, which speak for themselves and are the best evidence of their content.

138. The allegations in this paragraph purport to characterize the ESA and regulations, which speak for themselves and are the best evidence of their content.

139. The allegations in this paragraph purport to characterize the ESA and regulations, which speak for themselves and are the best evidence of their content.

140. The allegations in this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content.

141. The allegations in this paragraph purport to characterize the ESA and regulations, which speak for themselves and are the best evidence of their content.

142. The allegations in this paragraph purport to characterize the ESA, regulations, and caselaw, which speak for themselves and are the best evidence of their content.

143. The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

144. The allegations in this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content.

**"Federal Mining Laws, Including the 1872 Mining Law, 1947 Materials Act, and the 1955 Common Varieties Act."**

145. The allegations in this paragraph purport to characterize the Mining Law of 1872 (Mining Law) and caselaw, which speak for themselves and are the best evidence of their content.

146. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

147. The allegations in this paragraph purport to characterize the Mining Law, which speaks for itself and is the best evidence of its content.

148. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

149. The allegations in this paragraph purport to characterize the Mining Law and the 1920 Mineral Leasing Act, which speak for themselves and are the best evidence of their content.

150. The allegations in this paragraph purport to characterize the Materials Act of 1947 and the Surface Resources and Multiple Use Act of 1955, which speak for themselves and are the best evidence of their content.

151. The allegations in this paragraph purport to characterize the Materials Act and the Surface Resources Act of 1955, which speak for themselves and are the best evidence of their content.

152. The allegations in this paragraph purport to characterize the Surface Resources and Multiple Use Act and caselaw, which speak for themselves and are the best evidence of their content.

153. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

154. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

155. Federal Defendants deny the allegations in this paragraph.

156. The allegations in this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content.

157. The allegations in this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content.

158. The allegations in this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content.

159. The allegations in this paragraph purport to characterize an opinion from the Interior Board of Land Appeals, which speaks for itself and is the best evidence of its content.

160. Federal Defendants deny the allegations in this paragraph.

## **“CLAIMS FOR RELIEF”**

### **“First Claim for Relief”**

*“Violation of FLPMA, the Organic Act, and Implementing Regulations: Failure to Require a Right-of-Way and Properly Regulate the Burntlog Route.”*

161. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

162. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize 30 U.S.C. §§ 21-54, which speaks for itself and is the best evidence of its content.

163. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

164. The allegations in this paragraph purport to characterize the Mineral Report, which speaks for itself and is the best evidence of its content.

165. The allegations in this paragraph purport to characterize the Mineral Report, which speaks for itself and is the best evidence of its content.

166. The allegations in this paragraph purport to characterize the Mineral Report, which speaks for itself and is the best evidence of its content.

167. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

168. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

169. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

170. The allegations in the first sentence of this paragraph purport to characterize 43 U.S.C. § 1732(b), which speaks for itself and is the best evidence of its content. The allegations in the second and third sentences of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second and third sentences of this paragraph.

171. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Second Claim for Relief"**

*"Violation of the Idaho Roadless Rule and the Organic Act."*

172. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

173. The allegations in this paragraph purport to characterize the Forest Service Organic Act, the 2001 Roadless Rule, and the 2008 Idaho Roadless Rule, which speak for themselves and are the best evidence of their content.

174. The allegations in the first sentence of this paragraph, including the block quotation, purport to characterize the preamble to the Idaho Roadless Rule, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

175. The allegations in the first and second sentences of this paragraph purport to characterize the Idaho Roadless Rule, which speaks for itself and is the best evidence of its

content. The allegations in the third sentence of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

176. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

177. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

178. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

179. The allegations in the first sentence of this paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their content. The allegations in the second sentence of this paragraph purport to characterize the Surface Use Determination, which speaks for itself and is the best evidence of its content.

180. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

181. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

182. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Third Claim for Relief"**

*"The Project Does Not Comply with the Boise and Payette Forest Plans, in Violation of the National Forest Management Act."*

183. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

184. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

185. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

186. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

187. The allegations in this paragraph purport to characterize the ROD and FWS Biological Opinion, which speaks for themselves and are the best evidence of their content.

188. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

189. The allegations in this paragraph purport to characterize the ROD and FEIS, which speak for themselves and are the best evidence of their content.

190. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

191. The allegations in this paragraph purport to characterize the Forest Plans, which speak for themselves and are the best evidence of their content.

192. The allegations in the first sentence of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

193. The allegations in this paragraph purport to characterize the Forest Plans and the Stibnite Gold Project Land and Resource Management Consistency Review (Consistency Review), which speak for themselves and are the best evidence of their content.

194. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the Consistency Review, which speaks for itself and is the best evidence of its content.

195. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

196. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny

the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

197. The allegations in the first, second, and fourth sentences of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first, second, and fourth sentences of this paragraph. The allegations in the third sentence of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

198. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**“Fourth Claim for Relief”**

*“Approval of the Gravel Mines (Borrow Pits) Violates the 1947 Materials Act, the 1955 Common Variety Act, and the Organic Act.”*

199. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

200. The allegations in this paragraph purport to characterize the ROD and FEIS, which speak for themselves and are the best evidence of their content.

201. The allegations in this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content.

202. The allegations in this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content.

203. The allegations in this paragraph purport to characterize the 2020 Surface Use Determination, which speaks for itself and is the best evidence of its content.

204. The allegations in this paragraph purport to characterize Forest Service Response to Objections, which speak for themselves and are the best evidence of their content.

205. The allegations in the first sentence of this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of this paragraph.

206. The allegations in this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content.

207. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the FWS Biological Opinion, which speaks for itself and is the best evidence of its content.

208. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## **“Fifth Claim for Relief”**

*“Violation of FLPMA, the Organic Act, and Implementing Regulations: Failure to Apply the right-of-way Requirements to the Electrical Transmission Line.”*

209. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

210. The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

211. The allegations in the first sentence of this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. The allegations in the

second sentence of this paragraph purport to characterize the FEIS and ROD, which speak for themselves and are the best evidence of their content.

212. The allegations in the first sentence of this paragraph purport to characterize the ROD and FEIS, which speak for themselves and are the best evidence of their content. The allegations in the second sentence of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content. The allegations in the third sentence of this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content.

213. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the Surface Use Determination, which speaks for itself and is the best evidence of its content.

214. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## "Sixth Claim for Relief"

*Forest Service Violations of the Organic Act*

215. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

216. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

217. The allegations in the first sentence of this paragraph purport to characterize regulations, which speak for themselves and are the best evidence of their content. The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of this paragraph.

218. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

219. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Seventh Claim for Relief"**

*"The Forest Service Violated NEPA."*

220. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

***"Failure to Take the Required Hard Look at Project Impacts."***

221. The allegations in this paragraph purport to characterize NEPA, regulations, and caselaw, which speak for themselves and are the best evidence of their content.

222. Federal Defendants deny the allegations in this paragraph.

223. The allegations in the first sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content. The remaining allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

224. Federal Defendants deny the allegations in this paragraph.

225. Federal Defendants deny the allegations in this paragraph.

***"Failure to Analyze Reasonable Project Alternatives."***

226. The allegations in this paragraph purport to characterize regulations and caselaw, which speaks for itself and is the best evidence of its content.

227. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

228. Federal Defendants deny the allegations in this paragraph.

229. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

230. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

231. Federal Defendants deny the allegations in this paragraph that there was an "especially egregious" failure. The remaining allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

232. The allegations in the first sentence of this paragraph purport to characterize Plaintiffs' comments, which speak for themselves and are the best evidence of their content. The allegations in the first clause of the second sentence of this paragraph are vague and ambiguous and therefore Federal Defendant denies them because it lacks sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the second clause of the second sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

233. The allegations in the first sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content. The allegations in the second

sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of this paragraph.

234. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

***"Failure to Obtain Adequate Baseline Information on Affected Resources."***

235. The allegations in this paragraph purport to characterize caselaw, which speaks for itself and is the best evidence of its content.

236. Federal Defendants deny the allegations in this sentence.

237. Federal Defendants deny the allegations in this sentence.

238. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Eighth Claim for Relief"**

*"FWS Violations of the ESA and APA."*

239. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

240. Federal Defendants deny the allegations in this paragraph.

**"Wolverine."**

241. The allegations in this paragraph purport to characterize the FWS Biological Opinion, which speaks for itself and is the best evidence of its content.

242. The allegations in the first sentence of this paragraph purport to characterize the Incidental Take Statement, which speaks for itself and is the best evidence of its content. The allegations in the first two clauses of the second sentence of this paragraph purport to characterize the FWS Biological Opinion and Incidental Take Statement, which speak for themselves and are the best evidence of their content. The allegations in the third clause of the second sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the third clause of the second sentence of this paragraph.

243. The allegations in the first sentence of this paragraph purport to characterize the Incidental Take Statement, which speaks for itself and is the best evidence of its content. The allegations in the first clause of the second sentence of this paragraph purport to characterize the Incidental Take Statement, which speaks for itself and is the best evidence of its content. The allegations in the second clause of the second sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of this paragraph.

244. The allegations in the first, second, and third sentences of this paragraph purport to characterize the Incidental Take Statement, which speaks for itself and is the best evidence of its content. The allegations in the fourth sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the third sentence of this paragraph.

245. The allegations in the first clause of the first sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first clause of the first sentence of this paragraph. The

remaining allegations in this paragraph purport to characterize the FWS Biological Opinion and Incidental Take Statement, which speak for themselves and are the best evidence of their content

246. Federal Defendants deny the allegations in this paragraph.

247. The allegations in the first sentence of this paragraph purport to characterize the FWS Biological Opinion, which speaks for itself and is the best evidence of its content. The allegations in the first clause of the second sentence of this paragraph purport to characterize the Incidental Take Statement, which speaks for itself and is the best evidence of its content. The allegations in the second clause of the second sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second clause of the second sentence of this paragraph.

***"Bull Trout."***

248. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

249. The allegations in the first two sentences of this paragraph purport to characterize the FWS Biological Opinion, which speaks for itself and is the best evidence of its content. The allegations in the third sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the third sentence of this paragraph. Federal Defendants deny the allegations in the fourth sentence of this paragraph.

250. Federal Defendants deny the allegations in this paragraph.

251. Federal Defendants deny the allegations in this paragraph.

252. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

***"Whitebark Pine"***

253. Federal Defendants deny the allegations in this paragraph.

254. The allegations in the first, second, and third sentences of this paragraph purport to characterize the FWS Biological Opinion, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the fourth and fifth sentences of this paragraph. The allegations in the sixth sentence of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the sixth sentence of this paragraph.

255. Federal Defendants deny the allegations in this paragraph.

256. Federal Defendants deny the allegations in the first and third sentences of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the FWS Biological Opinion, which speaks for itself and is the best evidence of its content.

257. Federal Defendants deny the allegations in this paragraph.

258. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## "Ninth Claim for Relief"

*"NMFS Violations of the ESA and APA."*

259. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

260. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

261. Federal Defendants deny the allegations in this paragraph.

262. Federal Defendants deny the allegations in this paragraph.

263. Federal Defendants deny the allegations in this paragraph.

264. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Tenth Claim for Relief"**

*"Forest Service Violations of the ESA by Relying on Unlawful Biological Opinions."*

265. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

266. The allegations in this paragraph contain Plaintiffs' characterization of this claim to which no response is required. The allegations further purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

267. The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

268. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

269. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Eleventh Claim for Relief"**

*"Forest Service Violations of the ESA for Failing to Comply with Forest Plan BiOp."*

270. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

271. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the 2003 Resource Management Plan NMFS Biological Opinion and Incidental Take Statement as well as the ESA and regulations, which speak for themselves and are the best evidence of their content.

272. The allegations in this paragraph purport to characterize the 2003 Resource Management Plan NMFS Biological Opinion and Incidental Take Statement, which speaks for itself and is the best evidence of its content.

273. The allegations in this paragraph purport to characterize the 2003 Resource Management Plan NMFS Biological Opinion and Incidental Take Statement, which speaks for itself and is the best evidence of its content.

274. The allegations in this paragraph purport to characterize the 2003 Resource Management Plan NMFS Biological Opinion and Incidental Take Statement, which speaks for itself and is the best evidence of its content.

275. Federal Defendants deny the allegations in this paragraph, including the allegations in the bullets.

276. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"PRAYER FOR RELIEF"**

The remaining paragraphs of Plaintiffs' First Amended Complaint, denominated A-H constitute Plaintiffs' request for relief to which no response is required. To the extent a further response may be required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

Federal Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

WHEREFORE, Federal Defendants request that the Court dismiss the First Amended Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 16 day of May, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/s/Shaun M. Pettigrew*
SHAUN M. PETTIGREW (CA Bar No. 254564)
Senior Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(202) 532-5973
shaun.pettigrew@usdoj.gov

MICHAEL R. EITEL (NE Bar No. 22889)
Senior Trial Attorney
Wildlife & Marine Resources Section
999 18th Street, North Terrace Suite 600
Denver, CO 80207
(303) 844-1479
michael.eitel@usdoj.gov

*Counsel for Federal Defendants*