Laura K. Granier (Nevada Bar #7357)
*Pro Hac Vice*
HOLLAND & HART LLP
5470 Kietzke Lane #100
Reno, Nevada 89511
Telephone: (775) 327-3089
Email: lkgranier@hollandhart.com

Murray D. Feldman (ISB #4097)
Katy D. Riker (ISB #10377)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342.5000
mfeldman@hollandhart.com
kdriker@hollandhart.com

Austin W. Jensen (ISB # 11947)
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8012
awjensen@hollandhart.com

*Attorneys for Perpetua Resources Idaho, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

SAVE THE SOUTH FORK SALMON; IDAHO CONSERVATION LEAGUE; IDAHO RIVERS UNITED; EARTHWORKS; CENTER FOR BIOLOGICAL DIVERSITY; and AMERICAN RIVERS,

Plaintiffs,

v.

U.S. FOREST SERVICE; U.S. FISH AND WILDLIFE SERVICE; NATIONAL MARINE FISHERIES SERVICE; U.S. DEPARTMENT OF AGRICULTURE; U.S. DEPARTMENT OF THE INTERIOR; U.S. DEPARTMENT OF COMMERCE; BROOKE ROLLINS, in her official capacity as U.S. Secretary of Agriculture; DOUG BURGUM, in his official capacity as U.S.

Case No. 1:25-cv-00086-AKB

**PERPETUA RESOURCES IDAHO, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Secretary of the Interior; HOWARD LUTNICK, in his official capacity as U.S. Secretary of Commerce,

Defendants,

and

PERPETUA RESOURCES IDAHO, INC.

Defendant.

Perpetua Resources Idaho, Inc. ("Perpetua") answers Plaintiffs' Complaint as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. Any factual allegation admitted in this Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations, or inferences drawn therefrom by Plaintiffs. Perpetua follows the format of the Complaint for ease of reference only and does not agree to or admit that the Complaint's paragraph headings are accurate, appropriate, or substantiated. All allegations, whether express or implied, not specifically admitted, denied or qualified are hereby expressly denied.

1. Paragraph 1 is a summary of the Plaintiffs' claims and characterizes the Plaintiffs' Complaint, which are responded to below and to which no separate response is required. To the extent a response is necessary, Perpetua denies the allegations.

2. Paragraph 2 is a characterization of the Stibnite Gold Project (Project), which project is described in the United States Forest Service's (Forest Service) Record of Decision (ROD) and the final environmental impact statement (FEIS). These documents are the best evidence of their contents. To the extent Plaintiffs' characterization is inconsistent with the elements approved in the Forest Service ROD and FEIS, those allegations are denied. With respect

to the third sentence in Paragraph 2, Perpetua admits only past mining activities, not attributable to Perpetua, have occurred in the area and affected environmental resources.

3. Paragraph 3 is the Plaintiffs' characterization of the Project, which is described in the Forest Service's ROD, FEIS, and supporting documentation. These documents are the best evidence of their contents. To the extent Plaintiffs' characterization is inconsistent with the ROD, FEIS, and their supporting and related documents, Perpetua denies the allegations.

4. Paragraph 4 is the Plaintiffs' characterization of the Project as described in the ROD and the U.S. Fish and Wildlife Service (FWS) and the National Marine Fisheries Service (NMFS) Biological Opinions. These documents are the best evidence of their contents. To the extent Plaintiffs' characterization is inconsistent with the ROD, FWS, and NMFS Biological Opinions, and their supporting and related documents, Perpetua denies the allegations.

5. Paragraph 5 is Plaintiffs' characterization of the Project, which is described in the Forest Service ROD, FEIS, and their supporting documentation, which documents are the best evidence of their contents. To the extent Plaintiffs' characterization is inconsistent with the ROD, FEIS, and supporting documents, Perpetua denies the allegations.

6. Paragraph 6 is Plaintiffs' characterization of the Project, which is described in the Forest Service ROD, FEIS, and their supporting documentation, which documents are the best evidence of their contents. To the extent Plaintiffs' characterization is inconsistent with the ROD, FEIS, and supporting documents, Perpetua denies the allegations.

7. Paragraph 7 is Plaintiffs' characterization of the Project's water impacts, which are described in the Forest Service ROD, FEIS, and their supporting documentation, which documents are the best evidence of their contents. To the extent Plaintiffs' characterization is inconsistent with the ROD, FEIS, and supporting documents, Perpetua denies the allegations.

8. Paragraph 8 is Plaintiffs' characterization of the Project's potential effects on fish and wildlife habitat, which are described in the Forest Service ROD, FEIS, and their supporting documentation, which documents are the best evidence of their contents. To the extent Plaintiffs' characterization is inconsistent with the elements approved in the Forest Service ROD, FEIS, and supporting documents, Perpetua denies the allegations.

9. Perpetua denies the allegations.

10. Perpetua denies the allegations.

11. Perpetua denies the allegations.

12. Perpetua denies the allegations.

13. In Paragraph 13, Plaintiffs describe their requested relief, to which no response is required. To the extent any response is required, Perpetua denies the allegations and denies that Plaintiffs are entitled to any relief whatsoever.

14. Paragraph 14 characterizes Plaintiffs' claims and characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

15. The statements in Paragraph 15 are either legal conclusions or are Plaintiffs' characterization of the referenced notices. No response is required to the legal conclusions. The notices themselves provide the best evidence of their content. To the extent Plaintiffs' characterization is inconsistent with the notices, Perpetua denies the allegations.

16. Paragraph 16 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

17. Perpetua admits the Project is located in Valley County, Idaho. The remaining sentences in Paragraph 17 are either legal conclusions or are Plaintiffs' characterization of the

parties who produced, signed, or otherwise participated in the FEIS, ROD, and Biological Opinions. These documents are themselves the best evidence of their content. Because Paragraph 17 includes legal conclusions, and to the extent Plaintiffs' characterization is inconsistent with the ROD, FEIS, and Biological Opinion documents, Perpetua denies the allegations.

18. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

19. Paragraph 19 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

20. Paragraph 20 describes Plaintiff Save the South Fork Salmon. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

21. Paragraph 21 describes Plaintiff Idaho Conservation League. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

22. Paragraph 22 describes Plaintiff Idaho Rivers United. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

23. Paragraph 23 describes Plaintiff EarthWorks. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

24. Paragraph 24 describes Plaintiff Center for Biological Diversity. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

25. Paragraph 25 describes Plaintiff American Rivers. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

26. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

27. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

28. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

29. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

30. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

31. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

32. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

33. Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

34. Perpetua denies the allegations.

35. Perpetua admits that the Forest Service conducted an extensive public review process for the Project. The Plaintiffs' comments themselves are the best evidence of their

contents, adequacy, or timeliness, and therefore no response is required to these allegations. To the extent that a response is required, Perpetua denies the allegations.

36. Perpetua denies the allegations.

37. Perpetua denies the allegations.

38. Perpetua denies the allegations.

39. Perpetua admits that the Forest Service is an executive agency. To the extent that Paragraph 39 characterizes the Forest Service's legal responsibilities, it is stating a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

40. Perpetua admits that Brooke Rollins is the United States Secretary of Agriculture, and upon information and belief, understands that Plaintiffs have named her as a defendant in her official capacity.

41. Perpetua admits that Doug Burgum is the United States Secretary of the Interior, and upon information and belief, understands that Plaintiffs have named him as a defendant in his official capacity.

42. Perpetua admits that the FWS is an agency under the Department of the Interior. To the extent that Paragraph 42 characterizes the FWS's legal responsibilities, it is stating a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

43. Perpetua admits that the NMFS is an agency under the Department of Commerce. To the extent that Paragraph 43 characterizes the NFMS's legal responsibilities, it is stating a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

44. Perpetua admits the allegations that Jeremy Pelter is the Acting United States Secretary of Commerce, and upon information and belief, understands that Plaintiffs have named him as a defendant in his official capacity.

45. Perpetua admits that Paragraph 45 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that Paragraph 45 is inconsistent with the ROD or that there are allegations that must be answered, Perpetua denies the allegations. The full sentence from the ROD at pages one through two reads as follows (with the missing sentence sections underlined below):

> The Stibnite Gold Project is located within the Stibnite Mining District. Mining in the Stibnite area began in 1919 and over time included underground and open pit mining, mineral concentrating, and heap leaching operations until 1992 when all operations in the Stibnite area ceased. Since 2001, multiple projects have been conducted under the Comprehensive Environmental Response, Compensation, and Liability Act Stibnite Gold Project 2 Final Record of Decision – U.S. Forest Service (CERCLA) authority <u>to reduce pollution and the threats posed to human health and the environment from the release, or imminent threat of a release, of hazardous substances caused by past mining operations</u>.

46. Perpetua admits the Forest Service review of the Project at issue began in September 2016 and that Paragraph 46 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that there are allegations that are inconsistent with the ROD or that must be answered, Perpetua denies the allegations.

47. Perpetua admits that Paragraph 47 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that there are allegations that are inconsistent with the ROD or that must be answered, Perpetua denies the allegations.

48. Perpetua admits that Paragraph 48 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that there are allegations that are inconsistent with the ROD or that must be answered, Perpetua denies the allegations.

49. Perpetua admits that Paragraph 49 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that there are allegations that are inconsistent with the ROD or that must be answered, Perpetua denies the allegations.

50. Perpetua admits that Paragraph 50 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that there are allegations that are inconsistent with the ROD or that must be answered, Perpetua denies the allegations. The full sentence from the ROD, as it appears in the ROD, is shown and underlined below:

> As part of the Stibnite Gold Project construction, a new access route, the Burntlog Route, will be constructed to connect the Warm Lake Road to the mine site. The new Burntlog Route will be used during the operating and closure periods and will be reclaimed as part of closure. The Burntlog Route will be used by Perpetua and its contractors for mine access, <u>but public use of the route will be restricted as described in the Burnt Log Route Public Access Restriction mitigation measure in Part 2.3.10.</u> The Johnson Creek Road and Stibnite Road will only be used for alternative site access in case of emergency or unplanned closure of the Burntlog Route.

51. Perpetua admits that Paragraph 51 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that there are allegations that are inconsistent with the ROD or that must be answered, Perpetua denies the allegations.

52. Perpetua admits that Paragraph 52 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that there are allegations that are inconsistent with the ROD or that must be answered, Perpetua denies the allegations.

53. Perpetua admits that Paragraph 53 inserts into the Complaint a copy of Figure 1 from the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent there are allegations that are inconsistent with Figure 1 as it appears in the ROD or with the ROD in its entirety or that must be answered, Perpetua denies the same.

54. Perpetua admits that Paragraph 54 is an excerpt of the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent that there are allegations that are inconsistent with the ROD or that must be answered, Perpetua denies the allegations.

55. Perpetua admits that Paragraph 55 inserts Figure 2 in the ROD. The ROD itself, taken as a whole, is the best evidence of the ROD's content. To the extent there are allegations that are inconsistent with Figure 2 as it appears in the ROD or with the ROD in its entirety or that must be answered, Perpetua denies the same.

56. Perpetua admits that Plaintiffs submitted comments on the August 2020 draft environmental impact statement (DEIS) and the October 2022 Supplemental DEIS. The Plaintiffs' comments themselves are the best evidence of their contents, adequacy, or timeliness, and, therefore, no response is required to these allegations. To the extent that a response is required, Perpetua denies the allegations. Perpetua denies all other allegations.

57. Paragraph 57 is Plaintiffs' characterization of Forest Service, FWS, and NMFS documents, which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, the allegations are denied.

58. Paragraph 58 is Plaintiffs' characterization the Forest Service's FEIS and the Draft ROD, which documents are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, the allegations are denied.

59. Perpetua admits that the Plaintiffs filed objections to the FEIS and Draft ROD. The Plaintiffs' objections themselves are the best evidence of their contents or timeliness, and therefore no response is required to these allegations. To the extent that a response is required, Perpetua denies the allegations.

60. Plaintiffs have not specified how the information included in Paragraph 60 was noted; therefore, Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

61. The Forest Service's objection reviewing officer's written responses to objections are themselves the best evidence of their content, and therefore, no response is required. To the extent that a response is required, Perpetua denies the allegations.

62. Paragraph 62 characterizes the contents of the ROD and its Errata. These documents are the best evidence of their contents and speak for themselves. To the extent the allegations are inconsistent with those documents or require a response, Perpetua denies the allegations.

63. Paragraph 63 characterizes the ROD, which documents speak for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, the allegations are denied.

64. Paragraph 64 characterizes the contents of the Project proposal, which are detailed in the ROD, FEIS, and supporting documentation. These documents speak for themselves and are the best evidence of their contents and the Project proposal. To the extent allegations are inconsistent with these documents, Perpetua denies the allegations.

65. Paragraph 65 characterizes the contents of the Project proposal, which is detailed in the ROD, FEIS, and supporting documentation. These documents speak for themselves and are the best evidence of their contents and the Project proposal. To the extent that Plaintiffs characterize wildlife and habitat effects, Perpetua denies the allegations.

66. Paragraph 66 characterizes the Project proposal, which is detailed in the ROD, FEIS, and supporting documentation. These documents speak for themselves and are the best

evidence of their contents. To the extent that Plaintiffs characterize the Project as destructive of the watershed, roadless areas, or critical habitat, Perpetua denies the allegations.

67. Paragraph 67 characterizes the Project proposal, which is detailed in the ROD, FEIS, and supporting documentation. These documents speak for themselves and are the best evidence of their contents. To the extent that Plaintiffs' characterization is inconsistent with these documents, Perpetua denies the allegations.

68. Perpetua denies the allegations.

69. Perpetua admits that the Project is located near the South Fork Salmon River Watershed. Perpetua denies the remaining allegations.

70. Paragraph 70 characterizes the 1998 Endangered Species Act (ESA) listing decision for the Bull trout, a document which speaks for itself and provides the best evidence of its contents; therefore, the allegations do not require a response. To the extent one is required, Perpetua denies the allegations.

71. Perpetua denies the allegations.

72. The first sentence of Paragraph 72 characterizes the 1992 ESA listing decision for the Snake River spring/summer Chinook Salmon, a document which speaks for itself and provides the best evidence of its contents; therefore, the allegations do not require a response. To the extent one is required, the allegations are denied. Perpetua denies the allegations contained in the second and third sentences.

73. Perpetua denies the allegations.

74. Paragraph 74 characterizes the 1997 ESA listing decision for the Snake River Basin steelhead, a document which speaks for itself and provides the best evidence of its contents;

therefore, the allegations do not require a response. To the extent one is required, the allegations are denied.

75. The Biological Opinions and Assessment discuss steelhead in detail and provide the best evidence as to their contents and potential steelhead occupation in the South Fork Salmon River watershed. To the extent that Plaintiffs' characterization is inconsistent with these documents, Perpetua denies the allegations.

76. The Biological Opinions and Assessments discuss wolverine and whitebark pine habitat in detail and provide the best evidence as to their contents and Project's potential effects on these species. To the extent that Plaintiffs' characterization is inconsistent with these documents, Perpetua denies the allegations.

77. The first sentence of Paragraph 77 characterizes the 2023 ESA listing decision for the North American Wolverine, a document which speaks for itself and provides the best evidence of its contents; therefore, the allegations do not require a response. To the extent one is required, Perpetua denies the allegations. Perpetua denies the remaining allegations.

78. Perpetua denies the allegations.

79. The first sentence of Paragraph 79 characterizes the 2022 ESA listing decision for the whitebark pine, a document which speaks for itself and provides the best evidence of its contents; therefore, the allegations do not require a response. To the extent one is required, Perpetua denies the allegations. Perpetua denies the allegations contained in the second, third, and fourth sentences of Paragraph 79.

80. The Biological Opinions and Assessments, surveys, and other FEIS data whitebark pine discuss in detail provide the best evidence as to their contents and Project's potential effects

on this species. To the extent that Plaintiffs' characterization of effects on whitebark pine is inconsistent with these documents, Perpetua denies the allegations.

81. Perpetua denies the allegations.

82. Plaintiffs have not provided a citation for the quoted material contained in Paragraph 82; therefore, Perpetua is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

83. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Project. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

84. Perpetua denies the allegations.

85. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Project and its potential impacts. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, Perpetua denies the allegations.

86. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Project and its potential impacts. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

87. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Project and its potential impacts. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

88. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Project and its potential impacts. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, Perpetua denies the allegations.

89. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Project and its potential impacts. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

90. Perpetua denies the allegations.

91. Perpetua denies the allegations.

92. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Burntlog Creek, the upper South Fork Salmon River watershed, and Trapper Creek. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

93. Paragraph 93 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

94. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Burntlog Route and any potential effects thereof. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

95. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Burntlog Route and any potential effects thereof.

Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

96. The ROD, FEIS, and their supporting documentation speak for themselves and provide the best characterization of the Burntlog Route and potential effects on whitebark pine. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

97. The FWS's Biological Opinion and supporting documentation speak for themselves and provide the best characterization of the Burntlog Route and any potential impacts on bull trout. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or the allegations require a response, Perpetua denies the allegations.

98. The United States Environmental Protection Agency's (EPA) letter speaks for itself and is itself the best evidence of its contents. Therefore, no response is required. To the extent that a response is required, Perpetua denies the allegations.

99. Paragraph 99 characterizes an excerpt from the FEIS. The FEIS in its entirety and its supporting documentation speak for themselves and provide the best characterization of the Burntlog Route. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or a response is required, Perpetua denies the allegations.

100. Paragraph 100 characterizes an excerpt from the FEIS. The FEIS in its entirety and its supporting documentation speak for themselves and provide the best characterization of the Burntlog Route. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or a response is required, Perpetua denies the allegations.

101. Paragraph 101 characterizes an excerpt from the FEIS. The FEIS in its entirety and its supporting documentation speak for themselves and provide the best characterization of the Burntlog Route. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or a response is required, Perpetua denies the allegations.

102. Paragraph 102 characterizes an excerpt from the FEIS. The FEIS in its entirety and its supporting documentation speak for themselves and provide the best characterization of the Burntlog Route. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or a response is required, Perpetua denies the allegations.

103. Paragraph 103 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

104. Paragraph 104 characterizes an excerpt from the FEIS. The FEIS in its entirety and its supporting documentation speak for themselves. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or a response is required, Perpetua denies the allegations.

105. Paragraph 105 characterizes an excerpt from the FEIS. The FEIS in its entirety and its supporting documentation speak for themselves and provide the best characterization of the Burntlog Route and any potential effects on species and habitat. Therefore, no response is required. To the extent that Plaintiffs' characterization is inconsistent with these documents, or a response is required, Perpetua denies the allegations. Further, Paragraph 105 characterizes the law and sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

106. Paragraph 106 references prior agency documents and decisions, which speak for themselves and provide the best evidence of their contents. To the extent that Plaintiffs'

characterization is inconsistent with these documents, or a response is required, Perpetua denies the allegations. Perpetua denies that approval of the ROD required any further baseline data or analysis that was not available at the time of the decision at issue.

107. Paragraph 107 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

108. Perpetua admits there is an existing access route used for access to the mine site. To the extent Paragraph 108 references prior agency decisions, such decisions speak for themselves and provide the best evidence of their content. To the extent that Plaintiffs' characterization is inconsistent with these documents, or a response is required, Perpetua denies the allegations.

109. Perpetua denies the allegation in Paragraph 109 as it mischaracterizes the discussion in the FEIS. The FEIS and its supporting documentation speak for themselves and provide the best characterization of the Burntlog Route and evaluation of the Johnson Creek Route. Further, Paragraph 109 characterizes the law and sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

110. Paragraph 110 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

111. Paragraph 111 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

112. Paragraph 112 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

113. Paragraph 113 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

114. Paragraph 114 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

115. Paragraph 115 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

116. Paragraph 116 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

117. Paragraph 117 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

118. Paragraph 118 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

119. Paragraph 119 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

120. Paragraph 120 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

121. Paragraph 121 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

122. Paragraph 122 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

123. Paragraph 123 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

124. Paragraph 124 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

125. Paragraph 125 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

126. Paragraph 126 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

127. Paragraph 127 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

128. Paragraph 128 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

129. Paragraph 129 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

130. Paragraph 130 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

131. Paragraph 131 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

132. Paragraph 132 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

133. Paragraph 133 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

134. Paragraph 134 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

135. Paragraph 135 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

136. Paragraph 136 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

137. Paragraph 137 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

138. Paragraph 138 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

139. Paragraph 139 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

140. Paragraph 140 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

141. Paragraph 141 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

142. Paragraph 142 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

143. Paragraph 143 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

144. Paragraph 144 sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

145. Paragraph 145 characterizes the law or sets forth legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied.

146. Paragraph 146 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

147. Paragraph 147 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

148. Paragraph 148 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

149. Paragraph 149 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

150. Paragraph 150 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

151. Paragraph 151 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

152. Paragraph 152 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

153. Paragraph 153 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

154. Paragraph 154 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

155. The allegations of Paragraph 155 purport to characterize documents prepared by the USFS pursuant to the National Environmental Policy Act (NEPA) or the ROD, the contents of which speak for themselves and are the best evidence of information contained therein. To the extent the allegations of Paragraph 155 are inconsistent with, in conflict with, or mischaracterize the content of those documents considered in its entirety along with any other relevant information USFS considered, Perpetua denies the allegations.

156. Paragraph 156 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

157. Paragraph 157 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

158. Paragraph 158 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

159. Paragraph 159 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

160. The allegations of Paragraph 160 purport to characterize NEPA documents prepared by the USFS or the ROD the contents of which speak for themselves and are the best evidence of information contained therein. To the extent the allegations of Paragraph 160 are inconsistent with, in conflict with, or mischaracterize the content of those documents considered in their entirety along with any other relevant information USFS considered, Perpetua denies the allegations.

## FIRST CLAIM FOR RELIEF

161. Paragraph 161 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

162. Paragraph 162 characterizes the Forest Service's decision in the ROD and the FEIS the contents of which speak for themselves and, considered in their entirety, constitute the best evidence of the information contained therein. To the extent the allegations of Paragraph 162 are inconsistent with, in conflict with, or mischaracterize the content of those documents considered in their entirety along with any other relevant information that the Forest Service considered,

Perpetua denies the allegations. The remainder of the allegations in Paragraph 162 characterize the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

163. Paragraph 163 characterizes the Forest Service's decision in the ROD and the FEIS the contents of which speak for themselves and, considered in their entirety, constitute the best evidence of the information contained therein. To the extent the allegations of Paragraph 163 are inconsistent with, in conflict with, or mischaracterize the content of those documents considered in their entirety along with any other relevant information that the Forest Service considered, Perpetua denies the allegations. The remainder of the allegations in Paragraph 163 characterize the law or alleges legal conclusions, to which no answer is required.

164. Paragraph 164 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. To the extent that Paragraph 164 quotes a mineral report, the mineral report itself is the best evidence of its own contents, and therefore no answer is required. To the extent that an answer is required, the allegations are denied.

165. Paragraph 165 purports to quote a mineral report, which is itself the best evidence of its own contents, and therefore no answer is required. To the extent that an answer is required, the allegations of Paragraph 165 are denied.

166. Paragraph 166 purports to quote a mineral report, which is itself the best evidence of its own contents, and therefore no answer is required. To the extent that an answer is required, the allegations are denied.

167. Paragraph 167 characterizes statements in the ROD and some purported "record" the actual contents of which are the best evidence of the information included therein. To the

extent allegations in Paragraph 167 are inconsistent with, conflict with, or mischaracterize the actual contents of the ROD and the record that gets produced and accepted by this Court, Perpetua denies the allegations. Paragraph 167 also characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

168. Paragraph 168 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

169. Paragraph 169 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

170. Paragraph 170 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

171. Paragraph 171 characterizes the law, alleges legal conclusions, and sets forth Plaintiffs' requested relief, to which no answer is required. To the extent a response is required, the allegations are denied.

**SECOND CLAIM FOR RELIEF**

172. Paragraph 172 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

173. Paragraph 173 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

174. Paragraph 174 purports to quote preamble to the Idaho Roadless Rule, the contents of which rule constitute the best evidence of the information included therein. To the extent the allegations in Paragraph 174 are inconsistent with, conflict with, or mischaracterize the actual contents of the Idaho Roadless Rule, Perpetua denies the allegations. Paragraph 174 also

characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

175. Paragraph 175 purports to quote the ROD, the contents of which in its entirety and along with other relevant documents speak for themselves and are the best evidence of such information. To the extent the allegations in Paragraph 175 are inconsistent with, conflict with, or mischaracterize those actual contents Perpetua denies the same. Paragraph 175 also characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

176. Paragraph 176 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

177. Paragraph 177 purports to characterize provisions of the ROD, the contents of which, along with the EIS document in their entirety speak for themselves and constitute the best evidence of the information therein. To the extent the allegations in Paragraph 177 are inconsistent with, conflict with, or mischaracterize the contents of those documents, they are denied. Paragraph 177 also characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

178. Paragraph 178 alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

179. Paragraph 179 characterizes the Surface Use Determination, which document is the best evidence of its own contents and speaks for itself. To the extent that the allegations are inconsistent with this document, the allegations are denied.

180. Paragraph 180 characterizes the ROD, which document is the best evidence of its contents and speaks for itself. To the extent that the allegations are inconsistent with the ROD and its supporting documentation, they are denied.

181. Paragraph 181 alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

182. Paragraph 182 characterizes the law, alleges legal conclusions, and sets forth Plaintiffs' requested relief, to which no answer is required. To the extent one is required, the allegations are denied.

## THIRD CLAIM FOR RELIEF

183. Paragraph 183 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

184. Paragraph 184 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent an answer is required, the allegations are denied.

185. The opening clause of Paragraph 185 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. The remainder of Paragraph 185 characterizes the ROD and its supporting documentation, which documents speak for themselves and are the best evidence of their contents. Therefore, the allegations do not require a response. To the extent that a response is required, the allegations are denied.

186. Paragraph 186 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

187. Paragraph 187 characterizes the ROD and its supporting documentation, including the FWS's Biological Opinion, which documents speak for themselves and are the best evidence of their contents. Therefore, the allegations do not require a response. To the extent that a response is required, the allegations are denied.

188. Paragraph 188 characterizes the FEIS and its supporting documentation, which documents speak for themselves and are the best evidence of their contents. Therefore, the allegations do not require a response. To the extent that a response is required, the allegations are denied.

189. Paragraph 189 characterizes the FEIS, ROD, and their supporting documentation, which documents speak for themselves and are the best evidence of their contents. Therefore, the allegations do not require a response. To the extent that a response is required, the allegations are denied.

190. Paragraph 190 purports to characterize the Forest Service's decision and analysis in the FEIS, ROD, and their supporting documentation, which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with or mischaracterize the contents of those documents, they are denied. Paragraph 190 also characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

191. Paragraph 191 characterizes the Boise and Payette National Forest Plans, which documents speak for themselves and are the best evidence of their contents. Therefore, the allegations do not require a response. To the extent that a response is required, the allegations are denied.

192. Paragraph 192 purports to characterize the Forest Service's decision and analysis in the FEIS, ROD, and their supporting documentation, which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with or mischaracterize the contents of those documents, they are denied. Paragraph 192 also characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

193. Paragraph 193 characterizes the Boise and Payette National Forest Plans, which documents speak for themselves and are the best evidence of their contents. Therefore, the allegations do not require a response.

194. Paragraph 194 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

195. Paragraph 195 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

196. Paragraph 196 characterizes the FEIS, ROD, their supporting documentation, and the Boise and Payette Forest Land and Resource Management Plans, which are the best evidence of their contents. Therefore, the allegations do not require a response. To the extent the Plaintiffs' characterization of these documents are inconsistent with their contents, or a response is required, Perpetua denies the allegations. Paragraph 196 also characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

197. Paragraph 197 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

198. Paragraph 198 characterizes the law, alleges legal conclusions, and sets forth Plaintiffs' requested relief, to which no answer is required. To the extent one is required, the allegations are denied.

**FOURTH CLAIM FOR RELIEF**

199. Paragraph 199 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

200. Paragraph 200 characterizes the ROD, FEIS, and supporting documentation, which are the best evidence of their contents and speak for themselves. Therefore, the allegations do not require a response. To the extent that a response is required, Perpetua denies the allegations.

201. Paragraph 201 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

202. Paragraph 202 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

203. Paragraph 203 characterizes the Surface Use Determination, which is the best evidence of its contents. Therefore, the allegations do not require a response. To the extent that a response is required, Perpetua denies the allegations.

204. The first sentence of Paragraph 204 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations. Further, Paragraph 204 characterizes the Forest Service's response to objections, which are themselves the best evidence of their contents. Therefore, no response is required. To the extent that a response is required, Perpetua denies the allegations.

205. Paragraph 205 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

206. Paragraph 206 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

207. Paragraph 207 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations. Further, Paragraph 207 seeks to characterize the FWS's Biological Opinion, which is the best evidence of its contents. Therefore, no response is required. To the extent one is required, Perpetua denies the allegations.

208. Paragraph 208 characterizes the law, alleges legal conclusions, and sets forth Plaintiffs' requested relief, to which no answer is required. To the extent one is required, the allegations are denied.

## FIFTH CLAIM FOR RELIEF

209. Paragraph 209 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

210. Paragraph 210 characterizes the ROD, which speaks for itself and is the best evidence of its contents. Therefore, no response is required. To the extent one is required, Perpetua denies the allegations.

211. Paragraph 211 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

212. Paragraph 212 characterizes the FEIS and the ROD, which are the best evidence of their contents. Therefore, no response is required. To the extent one is required, Perpetua denies

the allegations. Paragraph 212 further characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

213. The first sentence of Paragraph 213 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations. The second sentence of Paragraph 213 characterizes the Surface Use Determination, which speaks for itself and is the best evidence of its contents. Therefore, no response is required. To the extent that a response is required, Perpetua denies the allegations.

214. Paragraph 214 characterizes the law, alleges legal conclusions, and sets forth Plaintiffs' requested relief, to which no answer is required. To the extent one is required, the allegations are denied.

## SIXTH CLAIM FOR RELIEF

215. Paragraph 215 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

216. Paragraph 216 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

217. Paragraph 217 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

218. Paragraph 218 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

219. Paragraph 219 characterizes the law, alleges legal conclusions, and sets forth Plaintiffs' requested relief, to which no answer is required. To the extent one is required, the allegations are denied.

**SEVENTH CLAIM FOR RELIEF**

220. Paragraph 220 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

221. Paragraph 221 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

222. Paragraph 222 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

223. Paragraph 223 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

224. Paragraph 224 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

225. Paragraph 225 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

226. Paragraph 226 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

227. Paragraph 227 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

228. Paragraph 228 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

229. Paragraph 229 mischaracterizes the FEIS which speaks for itself and is the best evidence of its contents. Further, Paragraph 229 characterizes the law or alleges legal conclusions.

Therefore, no response is required. To the extent a response is required, Perpetua denies the allegations.

230. Paragraph 230 mischaracterizes the FEIS, which speaks for itself and is the best evidence of its contents. Therefore, no response is required. To the extent Plaintiffs' characterization is inconsistent with the FEIS, or a response is required, Perpetua denies the allegations.

231. Paragraph 231 mischaracterizes the FEIS, which speaks for itself and is the best evidence of its contents. Further, Paragraph 231 characterizes the law or alleges legal conclusions. Therefore, no response is required. To the extent Plaintiffs' characterization is inconsistent with the FEIS, or a response is required, Perpetua denies the allegations.

232. Perpetua admits that the Plaintiffs submitted comments to the Forest Service, which comments are the best evidence of their own contents. Therefore, no response is required. To the extent one is required, Perpetua denies the allegations.

233. The first sentence of Paragraph 233 characterizes the FEIS. The FEIS is the best evidence of its contents. Therefore, no response is required. To the extent one is required, Perpetua denies the allegations. The second sentence of Paragraph 233 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

234. Paragraph 234 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

235. Paragraph 235 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

236. Paragraph 236 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

237. Paragraph 237 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

238. Paragraph 238 characterizes the law, alleges legal conclusions, or sets forth the Plaintiffs' requested relief, to which no answer is required. To the extent a response is required, Perpetua denies the allegations.

## EIGHTH CLAIM FOR RELIEF

239. Paragraph 239 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

240. Paragraph 240 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

241. Paragraph 241 characterizes the FWS's Biological Opinion. The Biological Opinion speaks for itself and is the best evidence of its contents. Therefore, no response is required. To the extent one is required, Perpetua denies the allegations.

242. Paragraph 242 characterizes the Incidental Take Statement and FWS's Biological Opinion. These documents speak for themselves and are the best evidence of their contents. Therefore, no response is required. To the extent one is required, Perpetua denies the allegations.

243. Paragraph 243 characterizes the Incidental Take Statement. The Incidental Take Statement speaks for itself and is the best evidence of its contents. Therefore, no response is required. To the extent one is required, Perpetua denies the allegations. Further, Paragraph 243

characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

244. Paragraph 244 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

245. Paragraph 245 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

246. Paragraph 246 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

247. Paragraph 247 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

248. Paragraph 248 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

249. Paragraph 249 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph 249 characterizes the Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

250. Paragraph 250 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

251. Paragraph 251 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

252. Paragraph 252 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph

252 characterizes the Incidental Take Statement, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Incidental Take Statement, Perpetua denies the allegations.

253. Paragraph 253 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

254. Paragraph 254 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph 254 characterizes the Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

255. Paragraph 255 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph 255 characterizes the Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

256. Paragraph 256 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph 256 characterizes the Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

257. Paragraph 257 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph 257 characterizes the Biological Opinion, which speaks for itself and is the best evidence of its

own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

258. Paragraph 258 characterizes the law, alleges legal conclusions, and sets forth Plaintiffs' requested relief, to which no answer is required. To the extent one is required, the allegations are denied.

## NINTH CLAIM FOR RELIEF

259. Paragraph 259 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

260. Paragraph 260 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

261. Paragraph 261 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph 261 characterizes the Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

262. Paragraph 262 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph 262 characterizes the Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

263. Paragraph 263 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied. Further, Paragraph

263 characterizes the Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

264. Paragraph 264 characterizes the law, alleges legal conclusions, and sets forth the Plaintiffs' requested relief, to which no answer is required. To the extent one is required, the allegations are denied.

## TENTH CLAIM FOR RELIEF

265. Paragraph 265 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

266. Paragraph 266 characterizes Plaintiffs' claim and characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

267. Paragraph 267 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, Perpetua denies the allegations.

268. Paragraph 268 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

269. Paragraph 269 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

## ELEVENTH CLAIM FOR RELIEF

270. Paragraph 270 is Plaintiffs' reincorporation reference, to which no response is required. To the extent a response is required, Perpetua incorporates by reference its answers to all previously stated allegations.

271. Paragraph 271 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

272. The first sentence of Paragraph 272 characterizes the 2003 Resource Management Plan Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations. The second sentence characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

273. Paragraph 273 characterizes the 2003 Resource Management Plan Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

274. Paragraph 274 characterizes the 2003 Resource Management Plan Biological Opinion, which speaks for itself and is the best evidence of its own contents. To the extent that Plaintiffs' characterization is inconsistent with the Biological Opinion, Perpetua denies the allegations.

275. Paragraph 275 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

276. Paragraph 276 characterizes the law or alleges legal conclusions, to which no answer is required. To the extent one is required, the allegations are denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent one is required, Perpetua denies the Plaintiffs are entitled to the relief requested or to any relief or award whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Perpetua asserts the following defenses to the claims made in Plaintiffs' complaint.

1. The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

2. Plaintiffs lack standing.

3. Some or all of Plaintiffs' claims are barred by failure to exhaust administrative remedies or participate in the administrative process.

4. Some or all of Plaintiffs' claims are moot.

5. Some or all of Plaintiffs' claims are not ripe.

6. Plaintiffs' allegations fail to state a claim upon which relief may be granted.

7. Perpetua reserves the right to assert additional affirmative defenses that may be discovered after the filing of this Answer.

Perpetua requests that Plaintiffs' complaint be dismissed with prejudice, that judgment be entered for Perpetua, and that the Court order such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of May 2025.

HOLLAND & HART LLP

By: /s/ Austin Jensen
Laura K. Granier
Murray Feldman
Katy Riker
Austin W. Jensen

*Attorneys for Perpetua Resources Idaho, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 16, 2025, I caused a true and correct copy of the foregoing to be filed and served electronically via CM/ECF, which caused all parties or counsel to be served by electronic means.

/s/ Austin Jensen
______________________________